UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MACK L. GREEN,

Petitioner,

v.

UNITED STATES DISTRICT COURT,

Respondent.

Civil No. 02-857(JRT/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 1998, Petitioner pleaded guilty in this District Court to a single count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). United States v. Green, Crim. No. 97-340 (MJD/FLN). He was sentenced to seventy (70) months in federal prison,

---

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.



MAY 0 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

and he is currently serving his sentence at the Federal Correctional Institution in Waseca, Minnesota.

Petitioner did not challenge his conviction or sentence by direct appeal. In 1999, however, he filed a motion for relief under 28 U.S.C. § 2255, claiming that he received ineffective assistance of counsel. The motion was fully briefed by Petitioner and the Government, and the trial court judge, (the Honorable Michael J. Davis), conducted an evidentiary hearing in the matter. Petitioner's § 2255 motion was denied on June 14, 2000, and Petitioner appealed.

The Eighth Circuit Court of Appeals granted Petitioner a Certificate of Appealability, (see 28 U.S.C. § 2253(c)(1)(B)), and later vacated the order denying his § 2255 motion, because the District Court had not appointed counsel to represent Petitioner at the evidentiary hearing on his motion. Green v. United States, 262 F.3d 715 (8th Cir. 2001). The case was remanded to the District Court for further proceedings, and after a second evidentiary hearing, Petitioner's § 2255 motion was denied for a second time. United States v. Green, Crim. No. 97-340 (MJD/FLN) (D.Minn. Feb. 8, 2002), 2002 WL 254513. Petitioner then filed a second appeal, and was granted a second Certificate of Appealability. As far as the Court can tell, Petitioner's second appeal is still pending before the Eighth Circuit Court.

On April 23, 2002, Petitioner filed his present application for habeas corpus relief under 28 U.S.C. § 2241. Petitioner is once again challenging the validity of his 1998 federal criminal conviction and sentence. This time he is claiming that his criminal prosecution was invalid because of several alleged "jurisdictional" defects. The Court concludes, however, that Petitioner's current habeas corpus petition cannot be entertained

on the merits for the reasons discussed below.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is expressly contending that his criminal conviction and sentence should be vacated. Therefore, his present petition is clearly barred by § 2255's exclusive remedy rule.

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed as a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits

there. In this case, however, Petitioner is precluded from seeking relief under § 2255, because he has already done so in the past. Any § 2255 action that he might now attempt to pursue would have to be construed as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).[2]

---

[2] According to the final paragraph of 28 U.S.C. § 2255:

> "A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

> "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion. **[continued....]**

Without a pre-authorization order from the appropriate court of appeals, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Because the instant Petitioner has not obtained a pre-authorization order from the Eighth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.[3]

Moreover, it is readily apparent that Petitioner has deliberately elected to seek relief under the habeas corpus statute, (§ 2241), presumably because he knows that he cannot file another § 2255 motion. He seems to believe that his current petition should be exempt from § 2255's exclusive remedy rule, and that he should be allowed to challenge his conviction in a habeas corpus proceeding, because he is barred from raising his current claims in a new § 2255 motion. Such reasoning, however, must be rejected.

The rule against successive § 2255 motions would be rendered meaningless if a prisoner whose claims were barred by that rule could simply argue that the remedy provided by § 2255 had become "inadequate or ineffective," and that he should therefore

---

> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

[3] Even if Petitioner were eligible for a pre-authorization order that would allow him to file a second § 2255 motion, it appears that any such motion would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[¶ 6]. For this additional reason, it would not be appropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions to be so easily evaded. Indeed, our Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also United States of America ex rel Perez v. Warden, FMC Rochester, Nos. 01-2807 and 01-2994 (8th Cir. March 20, 2002), 2002 WL 424666 (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions).[4]

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Applying this rule here,

---

[4] Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., U.S. v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 528 U.S. 1176 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He could have raised his current claims for relief in a direct appeal, or in his first § 2255 motion to the trial court. He cannot contend that the post-conviction remedy provided by § 2255 is "inadequate or ineffective" simply because he failed to raise his current claims when he should have, and he is now ineligible for any further relief under § 2255.[5]

Thus, the Court concludes that Petitioner cannot challenge his conviction and/or sentence in his present habeas corpus petition. Such challenges can be raised only in a motion brought under § 2255. The instant petition, which directly challenges the legitimacy of Petitioner's conviction and sentence, must therefore be summarily dismissed.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for a Writ of Habeas Corpus, (Docket No. 1), be

---

[5] The Court recognizes that some of Petitioner's claims are based on Apprendi v. New Jersey, 530 U.S. 466 (2000), which was not decided until after Petitioner filed his § 2255 motion. However, even Petitioner's Apprendi claims are barred by § 2255's exclusive remedy rule. Our Court of Appeals has held that even though "Apprendi relief is – as a practical matter – unavailable through § 2255 motions," a federal prisoner cannot bring an Apprendi challenge in a § 2241 habeas corpus petition because, for purposes of the exclusive remedy rule, § 2255 is nevertheless deemed to be "adequate and effective to raise an Apprendi claim." Perez, 2002 WL 424666 at *2.

In any event, Apprendi is not retroactively applicable, (United States v. Moss, 252 F.3d 993, 995 (8th Cir. 2001), cert. denied, 122 S.Ct. 848 (2002)), so Petitioner's claims based on that case would fail on the merits if they could properly be entertained under either § 2241 or § 2255.

**DISMISSED WITH PREJUDICE.**

Dated: April 30, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before May 5, 2002, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.