**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

MACK AL GREEN,

Petitioner,

v.

UNITED STATES DISTRICT COURT,

Respondent.

Civil No. 02-857 (JRT/FLN)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

Mack Al Green, #08048-041, Federal Correctional Institution, Box 1500, Waseca, Minnesota 56093, petitioner *pro se*.

Jeffrey S. Paulsen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for respondent.

Petitioner Mack Al Green ("Green") has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In a Report and Recommendation dated April 30, 2001, United States Magistrate Judge John M. Mason recommended summarily

FILED NOV 1 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. NOV 1 2 2002
DEPUTY CLERK

dismissing the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[2] This matter is now before the Court on Green's objections to the Report and Recommendation. The Court has conducted a *de novo* review of Green's objections pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and summarily dismisses Green's petition.

**BACKGROUND**

On July 10, 1998, Green was sentenced to 70 months of confinement after pleading guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). His projected release date is November 22, 2002.

In 1999, Green filed a motion under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel in his trial. The motion was denied by the trial court. After granting a certificate of appealability, the Eighth Circuit vacated the trial court's denial because the district court had not appointed counsel to represent Green at the evidentiary hearing on his motion. *See Green v. United States*, 262 F.3d 715 (8h Cir. 2001). The case was remanded, and after a second evidentiary hearing, the trial court again denied Green's § 2255 motion. *See United States v. Green*, Civ. No. 97-340, 2002

[2] Rule 4 provides that if a habeas corpus petition and its exhibits show on their face that a petitioner is not entitled to relief, the district court may summarily dismiss the petition. Although this rule directly applies to petitions of state prisoners pursuant to 28 U.S.C. § 2254, they may also be applied to other habeas corpus cases. R. Gov. § 2254 Cases 1(b). *Bostic v. Carlson*, 884 F.2d 1267, 1270 n.1 (9th Cir. 1988); *Rothstein v. Pavlick*, 1990 WL 171789 at *3 (N.D. Ill. Nov. 1, 1990) (stating that a federal court "is empowered, in dealing with any Section 2241 petition, to apply the procedures specified" in the § 2254 Rules).

WL 254513 (D. Minn. Feb. 8, 2002). Green has apparently appealed this denial to Court of Appeals, and it appears that the appeal is still pending.

In April 2002, Green filed the present § 2241 petition, challenging the validity of his 1998 federal criminal conviction and sentence. The Magistrate Judge found that Green's petition was not properly brought under § 2241, because it seeks to vacate his criminal conviction. Such collateral challenges to convictions may be brought only pursuant to 28 U.S.C. § 2255. The Magistrate Judge further determined that the petition could not be converted to a § 2255 claim because Green had already filed a previous § 2255 motion.

**ANALYSIS**

A prisoner wishing to challenge a federal conviction or sentence must generally bring the challenge before the sentencing court under 28 U.S.C. § 2255. *See United States v. Lurie*, 297 F.3d 1075, 1077 (8th Cir. 2000); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (noting that challenges to imposition of sentence must be brought before the sentencing court under § 2255, while challenges to execution of sentence must be brought before the court with jurisdiction over the prisoner's custodian under § 2241).

Section 2255 provides that a prisoner "claiming the right to be released upon the ground . . . that the [sentencing] court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. In his petition, Green repeatedly challenges the jurisdiction of the sentencing court; this Court agrees with the Magistrate Judge that Green is once

again challenging the validity of his 1998 criminal conviction and sentence. Accordingly, Green's allegations must be brought under § 2255, not § 2241.

Green's objections rely heavily on the U.S. Supreme Court's decision in *Johnson v. Zerbst*, 304 U.S. 458 (1938). Green contends that *Johnson* permits him to collaterally challenge his conviction and sentence under § 2241 instead of § 2255. In fact, *Johnson* stands for no such proposition. In *Johnson*, the Court held that a habeas inquiry cannot be limited "to the proceedings and judgment of the trial court, and the petitioned court has the power to inquire with regard to the jurisdiction of the inferior court . . . even if such inquiry involves an examination of facts outside of . . . the record." *Id.* at 466 (footnotes and quotation marks omitted). Thus, *Johnson* stands only for the basic proposition, widely accepted today, that a habeas court can conduct a deeper investigation into the facts of a petitioner's case than "the bare legal review" conducted at common law. *Id.* *Johnson* was decided in 1938, ten years before § 2255 was enacted; though *Johnson* may hold that Green is entitled to seek some form of habeas relief, it does not hold that Green is free to avoid the "exclusive remedy" of § 2255. Green's petition argues that his criminal conviction and sentence should be vacated because the sentencing court was without jurisdiction. Therefore, it must be brought under § 2255.

As the Magistrate Judge noted, in some cases Green's improper § 2241 petition could be construed as a § 2255 motion and transferred to the sentencing court.[3] Here,

---

[3] This must be done subject to the constraints outlined in *Morales v. United States*, No. 01-2605, 2002 WL 31000322 (8th Cir. Sept. 6, 2002) (holding that before reclassifying a *pro se* litigant's motion to vacate as a § 2255 petition, it must warn the litigant of the consequences of filing a § 2255 motion).

however, there is an impediment. The Magistrate Judge correctly noted (and Green appears to acknowledge) that Green may not seek relief under § 2255 because he has already done so in the past. Thus, any attempted § 2255 action would now be construed as a "second or successive" application for relief. Such second applications are prohibited without the prior approval of the Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3), 2255. Green has not received such permission from the Eighth Circuit. For this reason, the Court agrees with the Magistrate Judge that it cannot construe Green's § 2241 petition as a § 2255 motion.

There is a narrow exception to the exclusive remedy rule of § 2255. Under this "safety valve," a federal prisoner may challenge the imposition of his sentence under § 2241 only if it appears that the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Lurie*, 207 F.3d 1075, 1075 (8th Cir. 2000); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). A petitioner has the burden to establish that his remedy under § 2255 is inadequate or ineffective. *DeSimone*, 805 F.2d at 323. In this case, Green has not met this burden.

"Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles v. Chandler,* 180 F. 3d 753, 758 (6th Cir. 1999). Indeed, "more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion." *Lurie*, 207 F.3d at 1077. As the Magistrate Judge noted, § 2255 is not rendered inadequate or ineffective "merely because § 2255 relief has already been denied . . . or because petitioner has been denied permission to file a second or successive § 2255 motion, . . . or because a second or successive § 2255 motion has been dismissed . . . ."

*Id.* *See United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002). In this case, the only thing preventing Green's use of § 2255 is the fact that he has already filed a § 2255 petition and has not obtained permission to file another. This reason does not render § 2255 an inadequate or ineffective remedy, and Green cannot take advantage of the safety valve.

The Court concludes that Green has improperly filed a petition to vacate, correct or set aside his sentence under § 2241. It plainly appears on the face of this petition and all the exhibits that Green is not entitled to relief in this Court. Accordingly, pursuant to the Rules Governing Section 2254 Cases, Green's second § 2241 petition will be summarily dismissed.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 3] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 2]. Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Federal Petition for Writ of Habeas Corpus [Docket No. 1] is **SUMMARILY DISMISSED**.

DATED: Nov. 12, 2002
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge